RENDERED:  JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0180-MR


JOSEPH D. O'BRIEN, JR.                                                APPELLANT


|  | APPEAL FROM SHELBY CIRCUIT COURT |
| v. | HONORABLE MELANIE BRUMMER, JUDGE |
|  | ACTION NO. 22-CI-00191 |


DOUGLAS HALL; BEACON
HEALTH, LLC; DAVID V. HALL;
JAMES G. FEW; AND JENNIFER
ASH                                                                           APPELLEES


OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE:  Joseph D. O'Brien, Jr. ("O'Brien"), appeals from orders of

the Shelby Circuit Court dismissing his claims against Douglas Hall and Jennifer

Ash on statute-of-limitations grounds.  Although the trial court later entered a

judgment against Beacon Health Group, LLC ("Beacon") containing finality

language, O'Brien's claims against David Hall and James Few were never

adjudicated. Because the orders dismissing Douglas Hall and Jennifer Ash were not designated as immediately appealable under CR[1] 54.02(1) and no final judgment disposing of all claims against all parties has been entered, we dismiss for lack of jurisdiction.

## I. BACKGROUND

The procedural history underlying this appeal is somewhat lengthy and is central to the jurisdictional issue before us. Accordingly, we set forth the pertinent procedural history in chronological form:

- **February 27, 2014:** Beacon through its members David Hall, James Few, and Hughes Ash, execute a promissory note in favor of O'Brien and his wife, Ashlyn O'Brien.[2] Douglas Hall, James Few, Jennifer Ash, and David Hall sign the note as personal guarantors. R. at 5-6.

- **May 4, 2022:** O'Brien files a complaint in Shelby Circuit Court naming the following as defendants: (1) Beacon; (2) David Hall; (3) James Few, (4) Douglas Hall, and (5) Jennifer Ash. R. at 1-8. Summonses are issued for all named defendants. R. at 9-19.

- **May 27, 2022:** Jennifer Ash files a *pro se* answer. R. at 20-21.

- **May 27, 2022:** Douglas Hall files a CR 12.02(f) motion to dismiss based on the statute of limitations. R. 27-40.

---

[1] Kentucky Rules of Civil Procedure.

[2] The two later divorced. During the divorce proceedings, Ashlyn conveyed her interest in the promissory note to O'Brien. Record ("R.") at 3.

- **September 14, 2022:** The trial court grants Douglas Hall's motion to dismiss. The order does not contain CR 54.02(1) finality language. R. at 81-84.

- **February 22, 2023:** O'Brien files a motion for default judgment as to Beacon and David Hall,[3] and a motion for a trial date as to Jennifer Ash. R. at 109-11.

- **March 22, 2023:** James Few files an answer. R. at 138-45.

- **April 14, 2023:** O'Brien files a renewed motion for default judgment against David Hall and Beacon and motion for trial date against Jennifer Ash. R. at 161-62.

- **April 19, 2023:** Acting with the assistance of counsel, Jennifer Ash files an amended answer asserting the statute of limitations as an affirmative defense and a motion to dismiss. R. at 164-69.

- **April 28, 2023:** The trial court denies O'Brien's motion for default judgment against David Hall due to insufficiency of service of process, but grants the motion for default judgment as to Beacon. R. at 181.

- **May 13, 2023:** David Hall files a *pro se* "letter" to the Clerk of Court, which appears to be in response to a summons served upon him earlier that month. R. at 208.

- **May 22, 2023:** The trial court grants Jennifer Ash leave to file her amended answer. R. at 170.

- **July 3, 2023:** The trial court grants Jennifer Ash's motion to dismiss. The order does not contain CR 54.02(1) finality language. R. at 262-65.

---

[3] The motion is internally inconsistent. Although it initially states that O'Brien seeks default judgment against Beacon and David Hall, later portions of the motion also reference James Few as a subject of the requested default judgment.

- **August 1, 2023:** O'Brien files a motion to review status of the case and suggests the trial court set a hearing date on damages for the default against Beacon, and after a judgment on damages is entered against Beacon *enter a final and appealable order dismissing on statute of limitations grounds as to all the other defendants*. R. at 274-77.

- **September 14, 2023:** The trial court orders O'Brien to submit a proposed order with calculations for the default judgment amount against Beacon. R. at 278.

- **May 14, 2024:** O'Brien files a second motion for a status review noting that the trial court has yet to enter a default judgment against Beacon despite O'Brien having complied with the trial court's prior order by submitting a proposed order containing his damages calculations. R. at 283.

- **September 20, 2024:** O'Brien files a third motion for status review and further proceedings. Therein, O'Brien states: "[T]he Court has *dismissed the individual defendants for various reasons; however, none of the orders entered by the court are final and appealable as the Court has yet to enter a default judgment against Beacon.*"[4] R. at 285 (emphasis added).

- **January 3, 2025:** The trial court enters judgment against Beacon in the amount of $284,898.59 plus interest thereon at fifteen percent per annum, attorney fees in the amount of $85,469.57, and costs in the amount of $204.33. The order further provides: "[w]ith this order now all rights of all parties have been adjudicated. THIS IS A FINAL AND APPEALABLE ORDER AND THERE IS NO JUST CAUSE FOR DELAY." R. at 287 (emphasis in original).

---

[4] O'Brien's August 1, 2023 motion recognized the need for entry of a final and appealable order disposing of all remaining defendants, specifically David Hall and James Few. However, in the later motion for status review filed on September 24, 2024, O'Brien referenced only the need to render the prior dismissals of Douglas Hall and Jennifer Ash final and appealable and did not similarly reference disposition of the claims against David Hall and James Few. During the interim, Greg Neal retired, and Chad Wadlington entered an appearance as counsel for O'Brien.

- **January 30, 2025:** O'Brien files his notice of appeal. The notice states, in part,

  > O'Brien hereby gives notice that he appeals to the Kentucky Court of Appeals from the Judgment entered by this Court in this action dated September 14, 2022, dismissing this action as to Defendant/Appellee Douglas Hall, and the Judgment dated July 3, 2023, dismissing this action as to Defendant/Appellee Jennifer Ash; each of these Judgements was made final and appealable by entry of the Final Judgment in this action on January 3, 2025.
  >
  > . . .
  >
  > The remaining Defendants, Beacon Health LLC, James G. Few, and David Hall, are not named as Appellees herein. R. at 293-94.

  We discuss additional portions of the procedural history as necessary below.

## II. STANDARD OF REVIEW

Questions concerning this Court's jurisdiction, and the finality of judgments present issues of law which we review *de novo*. *See Cassetty v. Commonwealth*, 495 S.W.3d 129, 132 (Ky. 2016).

## III. ANALYSIS

The procedural history outlined above is central to the jurisdictional question before us.

This Court has jurisdiction over appeals from final judgments or orders of circuit courts. KRS[5] 22A.020(1). In contrast, "[t]here is no appellate jurisdiction over the typical interlocutory order. And it is for that reason that attempted interlocutory appeals are dismissed." *Cassetty*, 495 S.W.3d at 132. Further, this Court is obligated to raise issues concerning finality and jurisdiction on its own motion. *Huff v. Wood-Mosaic Corp.*, 454 S.W.2d 705, 706 (Ky. 1970); *Central Adjustment Bureau, Inc. v. Ingram Associates, Inc.*, 622 S.W.2d 681, 683 (Ky. App. 1981).

CR 54.01 provides that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." Likewise, a judgment that does not adjudicate the rights of all of the parties is not a final and appealable judgment. *McCreary Cnty. Bd. of Educ. v. Stephens*, 454 S.W.2d 687, 688 (Ky. 1968).

Here, O'Brien filed suit against five defendants: Beacon, Douglas Hall, David Hall, Jennifer Ash, and James Few. The trial court entered dispositive orders as to only three of those defendants. Specifically, the trial court dismissed Douglas Hall and Jennifer Ash on statute-of-limitations grounds and entered a default judgment against Beacon.

---

[5] Kentucky Revised Statutes.

However, the record does not reflect any orders adjudicating O'Brien's claims against David Hall or James Few. Although David Hall sent a *pro se* letter/response to the clerk[6] and James Few filed an answer, the trial court entered no order dismissing either defendant, entering judgment against either defendant, or otherwise disposing of O'Brien's claims against them.

The orders dismissing Douglas Hall and Jennifer Ash were interlocutory when entered because claims against other defendants remained pending and neither order contained CR 54.02 finality language. *See* CR 54.02(1). O'Brien recognized as much during the proceedings below, repeatedly noting that the dismissals had not yet become final and appealable because matters remained pending before the trial court.

The trial court later entered a January 3, 2025 judgment against Beacon containing language stating that "all rights of all parties have been adjudicated[,]" that the order was "FINAL AND APPEALABLE," and that there was "NO JUST CAUSE FOR DELAY." However, inclusion of CR 54.02 language in a partial judgment renders only that judgment immediately appealable despite unresolved claims; it does not itself transform prior interlocutory orders into final judgments.

---

[6] We express no opinion on the legal effect, if any, of David Hall's letter to the clerk.

Rather, CR 54.02(2) provides that prior interlocutory orders become final upon entry of a judgment disposing of "the remaining claim or claims in a multiple claim action[.]" Despite the trial court's statement that "all rights of all parties have been adjudicated," the record reflects otherwise. As demonstrated above, no orders disposing of O'Brien's claims against David Hall or James Few were ever entered. Consequently, the January 3, 2025 judgment did not operate to render the prior dismissals of Douglas Hall and Jennifer Ash final and appealable. Finality cannot be created merely by recitation where the record demonstrates otherwise. *Vorherr v. Coldiron*, 525 S.W.3d 532, 541 (Ky. App. 2017).

Because the orders dismissing Douglas Hall and Jennifer Ash disposed of all claims against those defendants, the trial court could have certified those orders as immediately appealable under CR 54.02(1). However, it did not do so, and we are not at liberty to supply the required recitations ourselves. As this Court previously explained, "we do not conceive that the recitations required by the rule can be supplied extraneously[.]" *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 104 (Ky. App. 2011) (quoting *First Nat. Bank of Mayfield v. Gardner*, 330 S.W.2d 409, 411 (Ky. 1959)).

The orders dismissing Douglas Hall and Jennifer Ash do not contain the finality recitations required by CR 54.02(1). Consequently, because no judgment adjudicating all claims against all parties has been entered, those orders

remain interlocutory. At the present juncture, there is no final and appealable order from which O'Brien may appeal, and this Court lacks jurisdiction.[7]

## IV. ORDER

Accordingly, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that this appeal be, and hereby is, DISMISSED for lack of jurisdiction because the orders being appealed are interlocutory.

ALL CONCUR.

ENTERED: ____07/02/2026____

_____
HON. ALLISON E. JONES
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Chad R. Wadlington
Shelbyville, Kentucky

BRIEF FOR APPELLEES
DOUGLAS HALL AND JENNIFER
ASH:

R. Gregg Hovious
Gregory L. Taylor
Tyler J. Rucker
Louisville, Kentucky

---

[7] The January 3, 2025 judgment against Beacon contains the recitations required by CR 54.02(1) and was therefore immediately appealable. However, O'Brien, as the prevailing party, could not appeal from that judgment. *Brown v. Barkley*, 628 S.W.2d 616, 618 (Ky. 1982) ("A party must be aggrieved by a judgment in order to appeal from it.").